# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GERALD THOMPSON,**

        **Plaintiff,**                         Civil Action 2:17-cv-461

    v.                                      Judge George C. Smith

                                          Magistrate Judge Elizabeth P. Deavers

**C.O. BENNETT,** *et al.***,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).[1] On May 26, 2017, Plaintiff filed his initial Complaint. (ECF No. 1.) After granting Plaintiff leave to proceed *in forma pauperis*, the Court found Plaintiff's Complaint violated Federal Rules of Civil Procedure 8(a) and 12(f) and ordered Plaintiff to correct the deficiencies. (ECF No. 4.) On August 14, 2017, Plaintiff submitted his revised complaint. (ECF No. 8.) Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims against Defendants for failure to assert any claim on which relief may be granted.

---

[1] Plaintiff filed his initial Complaint while an inmate at Madison Correctional Institution. Upon filing his Amended Complaint, Plaintiff advised the Court he is now incarcerated at the Franklin County Jail in Columbus, Ohio.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[1] Formerly 28 U.S.C. § 1915(d).

A federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II.

Like his original Complaint, Plaintiff's Amended Complaint is difficult to decipher. Plaintiff purports to bring claims under the Protection and Advocacy for Mentally Ill Individuals Act.[2] (ECF No. 8 at 7.) His Amended Complaint, however, alleges only one instance of misconduct by either Defendant. To wit, Plaintiff claims that, on April 28, 2017, he was "[a]ssaulted by Shawn Nook Inmate & C.O. Bennett." (*Id.* at 4.)

A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630

---

[2] Plaintiff's original Complaint purports to bring claims under the Eighth Amendment; 42 U.S.C. § 12132, the Americans with Disabilities Act ("ADA"); 29 U.S.C. § 794, the Rehabilitation Act; and, the Protection and Advocacy for Mentally Ill Individuals Act.

F.3d 468, 470-471 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Although Plaintiff states a date for the alleged assault, he proffers no other facts about the event in question. (ECF No. 8 at 4.) Plaintiff does not state where the alleged assault occurred, what conduct he believes constitute the assault, or any other details of the alleged incident. Even construed liberally, Plaintiff's claim against Defendant Bennett amounts to a mere conclusory allegation. *Iqbal*, 556 U.S. at 678. Furthermore, Plaintiff does not even mention Defendant Hughes by name in his Complaint. Accordingly, the Undersigned finds that Plaintiff's Amended Complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).

### III.

For the reasons explained above, the Undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED** for failure to state a claim on which relief may be granted.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: October 3, 2017

    /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE